[Civil No. 2503. Filed October 28, 1926.]

[250 Pac. 251.]

L. P. MERRIMAN, JAMES E. KELSO and ORE-ONA DEVELOPMENT COMPANY, Appellants, v. ARIVACA LAND AND CATTLE COMPANY, a Corporation, Appellee.

Mr. R. W. Langworthy, for Appellants.

Messrs. Kingan, Campbell, Conner & Darnell, for Appellee.

ROSS, J.—The appellants L. P. Merriman and James E. Kelso, together with Austin Wilson, A. J. Townsend, George W. Stewart and I. Perkins, were sued by appellee, Arivaca Land & Cattle Company, as copartners under the name of Oreona Development Company, upon a stated account. The appellants, being residents of Pima county, were personally served with summons, but all the other defendants, being nonresidents, were not served and did not appear.

The answer filed by appellants consisted of a specific denial of the partnership alleged and a general denial of all other allegations. The case was tried before the court without a jury, and judgment was rendered against the partnership, as such, and against the appellants Merriman and Kelso, for the amount of the alleged stated account. The appeal is prosecuted by the partnership and the two partners personally served.

The assignments are (1) that the judgment is contrary to the evidence; and (2) not supported by the law, being rendered as upon an open account, while the suit was brought upon a stated account. That the evidence was amply sufficient to support the judgment there can be no question. There was testimony that the account was rendered the partnership and held by it without objection; that it made payments thereon and promised to pay the balance. Some of this testimony was contradicted, but it was for the trial court to weigh and reconcile conflicts.

Looking to argument in appellants' brief on the second assignment, we find their real grievance seems

to be the failure of the court to make a formal finding that the account sued on was a stated account. The judgment recites that "defendants . . . are indebted to plaintiff in the sum of $2,079.54." It is said this is an indication that the recovery was upon an open account—a different cause of action than the one sued on. We see nothing in such recital indicating the judgment was not upon the stated account.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.